UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID ALLEN BURKE,<br><br>  Defendant. | Case No. 1:09-CR-030-BLW<br><br>**ORDER DENYING REQUEST FOR CORRECTION OF JUDGMENT** |

Pending before the Court is Defendant's Request for Correction of Judgment (Dkt. 57) in which he requests that the Judgment entered November 18, 2010 be corrected to reflect that his federal sentence is to run concurrently from February 9, 2009 rather than from October 14, 2010. Construing the request as having been made under Fed. R. Crim. P. 35(a), and for the reasons set forth below, the Court will deny the request.

## BACKGROUND

On October 14, 2010, Ninth Circuit Court of Appeals Judge Richard C. Tallman, sitting by special designation, sentenced Defendant to a term of imprisonment of 27 months following his plea of guilty to unlawful possession of a firearm. *Judgment*, Dkt. 38. Judge Tallman imposed the sentence to run consecutively to the state sentence Defendant was then currently serving after apparently having overruled defense counsel's

argument that the sentence should run concurrently with the state court sentence commencing February 9, 2009. *Def.'s Sent. Mem.*, Dkt. 35; *Def.'s Supplemental Sent. Mem.*, Dkt. 40.

On October 25, 2010, the Government filed a Motion for Reconsideration of Sentence (Dkt. 41) on the grounds that by arguing for a consecutive sentence, the Government had inadvertently violated the Plea Agreement under which it had agreed to recommend a concurrent sentence. The Motion further stated that the Government had intended to recommend a sentence of 27 months to run concurrently with the state sentence beginning on October 14, 2010, the date the federal sentence was imposed.

After consulting with Judge Tallman, the Court vacated the Judgment and set the matter for hearing. *Order*, Dkt. 43. At the hearing, defense counsel stated that one of Judge Tallman's primary concerns was that Defendant be sent to a facility where he could participate in the RDAP program. *Sent. Tr.* at 7-8, Dkt. 49. Defendant chose not to allocute when given the opportunity. *Id*. at 9. The Court then imposed a sentence of 27 months to run concurrently with the state sentence from October 14, 2010, the date Judge Talllman had imposed sentence. *Judgment*, Dkt. 48.

## DISCUSSION

Within fourteen (14) days after sentencing, the Court may correct a sentence that resulted from arithmetical, technical, or other clear error. *Fed. R. Crim. P. 35(a)*. Even if there was a clear error at the resentencing hearing, the Court would not have jurisdiction to grant Defendant's request. The time for proceeding under Rule 35(a) expired on

December 2, 2010, over four months before Defendant filed his pending request.

Unless Rule 35(a) applies, the Court may not modify a term of imprisonment except in certain other limited circumstances set forth in 18 U.S.C. § 3582(c) which includes government motions under Rule 35(b) for a reduction in sentence for post-sentencing substantial assistance.[1] *See United States v. Bride*, 581 F.3d 888, 890 (9th Cir. 2009) (citing 18 U.S.C. § 3582(c)). *See also United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002) ("District courts do not have inherent authority to resentence defendants at any time.") (citation omitted). Since none of the provisions of 18 U.S.C. § 3582 or Rule 35(b) applies, the Court does not have jurisdiction to amend the Judgment entered on November 18, 2010.

Even if Defendant's request had been timely filed under Rule 35(a), the Court would deny the request because there was no error to correct. When a federal sentence is imposed to run concurrently with an undischarged state sentence, it starts to run

---

[1] The Court does not have jurisdiction to consider a sentence reduction except in the following circumstances:

- The Bureau of Prisons files a motion for a sentence reduction after finding extraordinary and compelling reasons or determining that a defendant is at least 70 years of age, has served at least 30 years in prison on the offense of conviction, and does not present a danger to society. *See 18 U.S.C. § 3582(c)(1)(A)*.

- The Government files a motion under Rule 35 which allows a sentence reduction if the defendant has provided substantial assistance after sentencing. *See 18 U.S.C. § 3582 (c)(1)(B)* and *Fed. R. Crim. P. 35(b)*.

- The Sentencing Commission lowers the guideline range upon which a defendant has been sentenced. *See 18 U.S.C. § 3582(c)(2)*.

concurrently with the state sentence on the date the federal sentence is imposed unless otherwise ordered by the Court.

On resentencing, the Court made clear that the only issue before the Court was whether or not the sentence should run concurrently with or consecutively to the state sentence. *Sent. Tr.* at 5. It further made clear that it would not take up any other issues that Judge Tallman had addressed at the initial sentencing. *Id.* The Government's Motion for Reconsideration specifically requested that the sentence run concurrently from the date the initial federal sentence was imposed. Neither defense counsel nor Defendant argued at the hearing that the sentence should run concurrently from February 9, 2009.

The Court notes that at the initial sentencing, the Probation Officer recommended a below-guideline sentence of 24 months to be served partially concurrently with his state court sentence to achieve a 12-month consecutive sentence. Defense counsel argued for a sentence concurrent from February 9, 2009. Judge Tallman rejected the Probation Officer's and Defendant's recommendations and imposed the guideline sentence requested by the Government.

Based on defense counsel's comments at the resentencing, Judge Tallman apparently intended that Defendant's federal sentence be long enough to allow for participation in the RDAP program. To have made the sentence concurrent from February 9, 2009 would have left only a few months of service in federal prison. This is far short of the minimum 18 to 24 months required for placement in and completion of the RDAP program.

To have imposed the sentence Defendant requests would have completely ignored Judge Tallman's intent in pronouncing sentence. Indeed, this Court specifically recommended that the State of Idaho Parole Commission grant Defendant parole as soon as possible so that he could be placed in the RDAP program in accordance with Judge Tallman's intent. Thus, there was no error in the Court's sentence.

## ORDER

**IT IS ORDERED** that Defendant's Request for Correction of Judgment (Dkt. 57) is **DENIED**.

DATED: **April 21, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge